NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| INTERNET PRODUCTS LLC, | : : : | |
| Plaintiff, | : : | Civil No. 18-15421 (RBK/AMD) |
| v. | : : : | **OPINION** |
| LLJ ENTERPRISES, INC., *et al*., | : : : | |
| Defendants. | : : : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendants' Motion to Dismiss Amended Complaint (Doc. 88.) For the reasons stated herein, the Motion to Dismiss is **DENIED**.

**I.   BACKGROUND**

The parties in this case are in the same industry, and more strikingly, the same family. Plaintiff/Counterclaim Defendant Internet Products, LLC (hereinafter "IPL") is composed of husband and wife duo Rick Janus and Patricia Janus, who are also third-party Counterclaim Defendants in this action. (Amended Complaint ("Compl.")[1] ¶¶9–10.) Defendant/Counterclaim Plaintiff LLJ Enterprises, Inc. (hereinafter "LLJ") is composed of individual Defendants/Counterclaim Plaintiffs Jeffrey Janus, Linda Janus, and Lauren Cornelius. (Compl. ¶24.) Jeffrey, Linda, and Rick Janus are siblings, and Lauren Cornelius is Rick's former stepdaughter. (Compl. ¶¶11–14.)

---

[1] The operative Complaint is the Amended Complaint, Doc. 76.

1

IPL and LLJ are both in the business of selling table pad protectors and piano covers; each company accuses the other of interfering with their performance in the industry. IPL initially filed its Complaint in October 2018, alleging copyright infringement under 17 U.S.C. §§ 106 and 501, trademark infringement, false designation of origin and false descriptions, unfair competition, cyberpiracy under the Lanham Act, 15 U.S.C. §§ 1114(a) and 1125(a) and (d), and unfair competition under New Jersey common and statutory law. (Doc. 1.) IPL alleged that LLJ unlawfully copied its website design and created extremely similar domain names, thus confusing customers into purchasing from LLJ rather than IPL. Defendants filed an Answer to Plaintiff's Complaint, including five separate counterclaims against IPL, Rick Janus, and Patricia Janus: tortious interference with business, tortious interference with prospective economic advantage, unfair competition and deceptive trade practices, defamation, and trade libel. (Doc. 16.)

Following Defendants' Answer, Plaintiff filed a Motion for Leave to Amend the Complaint. (Doc. 31.) Plaintiff sought to add six additional claims, to join two additional defendants, and to remove two claims from the Complaint. Magistrate Judge Donio denied the request, except did allow Plaintiff to file an amended complaint removing the claims for trademark infringement and cyberpiracy. (Doc. 53.) Plaintiff then filed its Amended Complaint (Doc. 76), which is substantively identical to the initial Complaint. Defendants subsequently filed the present Motion to Dismiss the Amended Complaint. (Doc. 88.)

## II.   LEGAL STANDARD

When deciding a motion to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), the court limits its review to the face of the complaint. *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 835 (3d Cir. 2011). The Court must accept as true all well-pleaded factual allegations and must construe them in the light most favorable to the nonmoving party. *Phillips v. Cty. of*

*Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). In other words, a complaint is sufficient if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The inquiry is not whether plaintiff will ultimately prevail in a trial on the merits, but whether [he or she] should be afforded an opportunity to offer evidence in support of [his or her] claims." *In re Rockefeller Ctr. Prop., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002). However, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To determine whether a complaint is plausible on its face, courts conduct a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A claim cannot survive where a court can infer only that a claim is merely possible rather than plausible. *Id*.

## III. DISCUSSION

### A. Whether the Motion to Dismiss is Untimely

As an initial matter, Plaintiff contends that Defendants' motion should be denied because it is untimely. (Opp. at 2.) Plaintiff asserts that the Amended Complaint does not create a new

opportunity to move to dismiss pre-existing claims. (*Id.* at 3–4.) In response, Defendants request that the Court treat the Motion as a Motion for Judgment on the Pleadings if the Court finds that the Motion to Dismiss is untimely. (Reply at 1–3.)

The general requirement under Rule 12(b)(6) is that a defendant must file any motion asserting a 12(b) defense *before* filing an answer. However, as other courts have noted, "this general principle is complicated if the original complaint is amended." *Brooks v. Caswell*, No. 3:14-cv-01232, 2016 WL 866303, at *2 (D. Or. Mar. 2, 2016). The issue then becomes whether amending a complaint revives a defendant's opportunity to file a motion to dismiss after he or she has already filed an answer to the original complaint. It does not appear that the Third Circuit has precisely answered this question. Courts elsewhere have held that "although an amended complaint ordinarily supersedes the original pleading, it does not automatically revive defenses and objections a defendant has waived in response to the original complaint." *See e.g.*, *id.* (citing *Gilmore v. Shearson/Am. Exp. Inc.*, 811 F.2d 108, 112 (2d Cir. 1987)*, overruled on other grounds by McDonnell Douglas Fin. Corp. v. Pa. Power & Light Co.*, 849 F.2d 761 (2d Cir. 1988)). Instead, a defendant may attack only new allegations or claims not contained in the original complaint. *See id.* (collecting cases).

Here, Plaintiff's original Complaint alleged claims for copyright infringement, trademark infringement, false designation of origin and false descriptions, unfair competition, cyberpiracy, and unfair competition. Defendants already filed an Answer to the Complaint (Doc. 9) and subsequently filed an Amended Answer and Counterclaim (Doc. 16.) Plaintiff then sought leave to amend its Complaint. (Doc. 31.) Magistrate Judge Donio granted in part and denied in part the Motion for Leave to Amend. (Doc. 53.) Judge Donio allowed Plaintiff to remove two claims from the Complaint, but otherwise did not allow Plaintiff to add new allegations, claims, or parties. (*See*

*id.*) Complying with Magistrate Judge Donio's Order, Plaintiff filed an Amended Complaint. Defendants have not yet answered the Amended Complaint, but instead filed the present Motion to Dismiss.

Based on this procedural background, the Court agrees with Plaintiff that the Amended Complaint does not—and should not—automatically revive any defenses and objections that Defendants waived in response to the original Complaint. Defendants had the opportunity to file a motion to dismiss the original complaint on the exact same grounds now asserted. However, Defendants chose not to do so and instead chose to only Answer and Counterclaim. The Amended Complaint contains minor changes, removing only two claims that were originally asserted, yet Defendants' present Motion relies on grounds that they could have asserted previously. Accordingly, the Court finds that the Amended Complaint does not revive Defendants' opportunity to assert these arguments.

However, courts in this Circuit have held that "a motion to dismiss under Rule 12(b)(6) made after an answer has been filed may be treated, in the court's discretion, as a rule 12(c) motion for judgment on the pleadings. *Tr. Of Univ. of Penn. v. Mayflower Transit, Inc.*, No. 87-1111, 1997 WL 598001, at *1 (E.D. Pa. Sept. 16, 1997) (citing *Scheetz v. Morning Call, Inc.*, 130 F.R.D. 34, 36 (E.D. Pa. 1990)). "The difference between a motion to dismiss pursuant to Rule 12(b)(6) and a motion for judgment on the pleadings pursuant to Rule 12(c) is a matter of timing." *Dovale v. Marketsource, Inc.*, No. 05-2872, 2006 WL 2385099, at *4 (D.N.J. Aug. 17, 2006). A Rule 12(c) motion to dismiss is available after a responsive pleading has been filed. *Id.* Moreover, "regardless of which rule is appropriate, the same standard applies." *Id.*

Accordingly, the Court chooses to exercise its discretion and will convert Defendants' Motion to Dismiss to a Motion for Judgment on the Pleadings. Thus, for the purposes of this

Motion, the Court will treat the Defendants' Motion to Dismiss as a Motion for Judgment on the Pleadings under Rule 12(c).[2]

### B. Copyright Claim

Defendants move to dismiss Plaintiff's causes of action for copyright infringement under 17 U.S.C. §§ 106 and 501. To state a claim for copyright infringement in the Third Circuit, a plaintiff must plead only two elements: (1) ownership of a valid copyright and (2) unauthorized copying of original elements of the plaintiff's work. *Levey v. Brownstone Inv. Group, LLC*, 590 F. App'x 132 (3d Cir. 2014); *see also Kennedy v. Creditgo, LLC*, No. 15-1790, 2015 WL 7760181, at *2 (D.N.J. Dec. 2, 2015). For the first element, a certificate of registration with the copyright office constitutes "prima facie evidence of the validity of the copyright and of the facts stated in the certificate," including those pertaining to ownership. *See Granger v. Acme Abstract Co.*, No. 09–2119, 2012 WL 4506674 at *2 (D.N.J. Sept. 27, 2012) (quoting 17 U.S.C. § 410(c)). For the second element, to establish copying by the defendant, a claimant must allege that, not only did the defendant have access to the copyrighted work, but that the two works bear substantial similarities to each other. *Dam Things from Denmark, a/k/a Troll Co. ApS v. Russ Berri & Co., Inc.,* 209 F.3d 548, 561 (3d Cir. 2002).

Defendants argue that the Court should dismiss the copyright claim for three reasons: (1) Plaintiff's purported copyrighted material does not have an original or creative expression; (2) the

---

[2] Plaintiff argues that a Rule 12(c) motion is technically premature because Rule 12(c) motions may only be made after the pleadings have closed. Plaintiff is correct. Defendant has not filed an answer to the Amended Complaint. However, "courts have exercised their discretion to permit a motion on the pleadings before all defendants have filed an answer where no prejudice to any party would result." *Newton v. Greenwich Tp.*, No. 12-238, 2012 WL 3715947, at *1 n.1 (D.N.J. Aug. 27, 2012) (citing *Noel v. Hall*, No. 99-649, 2005 WL 2007876, at *1 (D. Or. Aug. 16, 2005)). The Court finds that prejudice would not result if the Court addressed this Motion as one for Judgment on the Pleadings because the Amended Complaint is virtually identical to the Original Complaint that Defendants have already answered. Accordingly, the Court rejects this argument.

copyright registration is invalid because Plaintiff obtained it fraudulently; and (3) Plaintiff has not pleaded actual damages. The Court addresses each argument in turn.

### 1. Whether Plaintiff's Copyrighted Material Contains Original Expression

First, Defendant argues that Plaintiff does not have a valid copyright in the underlying materials because "Plaintiff's material is devoid of any original" expression. (Mot. at 14.) As an initial matter, as noted above, copyright registration constitutes "prima facie evidence of the validity of the copyright[.]" 17 U.S.C. § 410(c). Plaintiff argues, and Defendants agree, that Plaintiff has received certificates of registration for (1) text of the website TablePadShop.com and (2) text of the website PianoCoverShop.com. Accordingly, these registrations raise a rebuttable presumption in the validity of the underlying copyright.

Defendants first argue that Plaintiff's copyrights are invalid because the text does not satisfy the "originality" requirement. (Mot. at 14.) To meet the test for originality, "a plaintiff must show that the work 'is the product of independent creation' and that the author contribute[d] more than a trivial variation on a previous work." *Gemel Precision Tool Co., Inc. v. Pharma Tool Corp.*, No. 94-5305, 1995 WL 71243, at *2 n.5 (E.D. Pa. Feb. 13, 1995) (quoting *L. Batlin & Son, Inc. v. Snyder*, 536 F.2d 486, 489-90 (2d Cir. 1976)). Defendants argue that the website text does not rise to the requisite level of originality.

At the motion to dismiss phase, "the Court cannot make factual determinations regarding the originality of the copyrighted work . . . . Rather, the Court restricts its analysis to whether the Amended Complaint pleads facts sufficient to survive a motion to dismiss." *Hampden Eng'g Corp. v. Shear Tech., LLC*, No. 15-7424, 2016 WL 8677215, at *4 (D.N.J. Aug. 26, 2016). Here, Plaintiff pleads that "Internet Products created an original website, TablePadShop.com, that included original text and a unique online ordering system[.]" (Compl. ¶ 18) and that "Internet Products

7

created an original website, PianoCoverShop.com, that included original text and a unique ordering system[.]" (*Id.* ¶ 54). Plaintiff further pleads that "Internet Products submitted to the United States Copyright Office an application to obtain copyright registration for the text formatting . . . which was authored by Mr. Rick Janus by virtue of assignment to Internet Products." (*Id.* ¶38.) These allegations establish that the website text was the product of Rick Janus' independent creation, the requirements for originality under the Copyright Act. Therefore, taking these allegations as true, at the motion to dismiss phase, the Court finds that Plaintiff has adequately pleaded that the website text was original. Defendants' arguments about whether the text rises to the requisite level of creativity to be "original" are better reserved for a motion for summary judgment or trial. Accordingly, at this stage, the Court finds that Plaintiff's allegations satisfy the originality requirements under Rule 12(b)(6).

### 2. Whether Plaintiff's Copyright Registration is Invalid

Second, Defendants argue that Plaintiff's copyright registration is invalid, and therefore Plaintiff cannot bring a claim for copyright infringement. (Mot. at 21–22.) Defendants cite to a Ninth Circuit decision, *Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F.3d 1140 (9th Cir. 2019.) In *Gold Value*, a textile company sued a group of defendants alleging that they had infringed on the textile company's design. *Id.* at 1142. The textile company had previously registered its copyright with the Copyright Office and had included on the application that none of the works had been "published" prior to registration. *Id.* However, prior to registration, the textile company had already sold portions of a textile containing the design to third-party buyers. *Id.* In ruling on the parties' cross-motions for summary judgment, the District Court found that because the design had been sold prior to registration, the design had already been "published" within the meaning of the Copyright Act. *Id.* at 1143. Therefore, the textile company had included

8

inaccurate information on its copyright application with knowledge that it was inaccurate. *Id.* Accordingly, the district court found that the textile company's copyright registration was invalid. *Id.* The Ninth Circuit affirmed. *Id.* at 1140.

Analogizing to *Gold Value*, Defendants contend that Plaintiff's text was "published" prior to copyright registration because Plaintiff had already posted the text on its website. (Mot. at 21.) However, Plaintiff indicated that the work was "unpublished" on its copyright application. Therefore, Defendants urge the Court to adopt *Gold Value*'s reasoning and similarly declare the Plaintiff's copyright in its website text invalid. (*Id.*) In response, Plaintiff argues that although the text was placed on the website prior to registration, this does not constitute "publication" within the word's special meaning in the Copyright Act. (Opp. at 17–20.)

Under the Copyright Act, publication is a technical term and is defined as the "distribution of copies . . . of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 101. However, the definition also notes that "[a] public performance or *display* of a work does not of itself constitute publication." *Id.* (emphasis added). The issue of whether the posting of a copyrighted work online is considered "publication" or is considered merely a "display" has not been resolved by courts in this Circuit or elsewhere. Some courts have found that works posted on the internet are considered "published" for purposes of the Copyright Act. *See, e.g.*, *Kernal Records Oy v. Mosley*, 794 F. Supp. 2d 1355, (S.D. Fla. 2011); *Getaped.com, Inc. v. Cangemi*, 188 F. Supp. 2d 398 (S.D.N.Y. 2002). Conversely, other courts have found that posting content online amounts to only a display of the work, and the work is not considered published. *Moberg v. 33t LLC*, 666 F. Supp. 415 (D. Del. 2009); *Rogers v. Better Bus. Bureau of Met. Houston, Inc.*, 887 F. Supp. 2d 722 (S.D. Tex. 2012). Neither the Copyright Act nor its accompanying regulations have answered this question.

Absent binding law or even a clear consensus in case law supporting the assertion that material is "published" merely because it is posted online, the Court is not inclined to negate the copyrighted material's presumption of validity by finding that Plaintiff's text was "published" when it was posted on the webpage. Therefore, the Court cannot conclusively find that Plaintiff was dishonest when it stated that the text was "unpublished" when it submitted its application to the Copyright Office. Accordingly, the Court rejects this argument.

### 3. Whether Plaintiff Has Sufficiently Alleged Damages

Third, Defendants argue that the Court should dismiss the claim because Plaintiff does not properly plead damages. (Mot. at 23–26.) An infringer of copyright is liable for either "the copyright owner's actual damages and any additional profits of the infringer" or "statutory damages." 17 U.S.C. § 504(a)(1)–(2). As a preliminary matter, Defendants take issue with the fact that Plaintiff has not alleged a specified amount of damages. However, Local Civil Rule 8.1 prohibits parties from including a demand for a specific dollar amount. Thus, the Court rejects this argument.

Plaintiff pleads several general allegations with regards to damages. Plaintiff pleads "Defendants' unlawful use of major portions of Plaintiff's TablePadShop.com has diminished the value of Plaintiff's business." (Compl. ¶52; *see also id.* ¶81.) Additionally, "Defendants' unlawful acts have been and are interfering with and undermining Plaintiff's ability to market products from Plaintiff's TablePadShop.com[.]" (*Id.* ¶53; *see also id.* ¶82.) Further "Internet Products has been harmed as a direct result of Defendants' infringements, and Internet Products is accordingly entitled to damages in an amount to be proven at trial." (*Id.* ¶108.) Plaintiff also pleads that "Internet Products is also entitled to Defendants' profits attributable to their infringements . . .

including an accounting of and constructive trust with respect to such profits." (*Id.* ¶109.) At this stage, the Court finds that these allegations are sufficient to state a claim for damages.

Moreover, the Court finds that Defendants' arguments regarding the availability of statutory damages and attorneys' fees are premature. As this Court has previously stated, "[w]hether statutory damages or attorneys' fees are warranted in a copyright infringement case is a question best decided after the matter has progressed through discovery and not at the motion to dismiss phase." *Marimar Textiles, Inc. v. Judge Clothing & Accessories Corp.*, No. 17-2900, 2017 WL 4391748, at *4 (D.N.J. Oct. 2, 2017). However, Defendants may renew these arguments at the summary judgment phase. *Greenfield v. Twin Vision Graphics, Inc.*, 268 F. Supp. 2d 358 (D.N.J. 2003).

In sum, the Court finds that Plaintiff has adequately pleaded a claim for copyright infringement. Accordingly, the Court **DENIES** the Motion to Dismiss the copyright claim.

### C. Lanham Act Claims

Plaintiff pleads two causes of action under 15 U.S.C. § 1125(a): (1) false designation of origin and false descriptions and (2) unfair competition. In order to state a claim under Section 1125(a) of the Lanham Act, a plaintiff must plead the following: (1) the mark is valid and legally protectable; (2) plaintiff owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion. *Fisons Horticulture, Inc. v. Vigoro Indus., Inc.*, 30 F.3d 466, 472 (3d Cir. 1994). The false designation of origin claim and the unfair competition claim are measured by identical standards. *Food Sciences Corp. v. Nagler*, No. 09-1798, 2010 WL 4226531, at *2 (D.N.J. Oct. 20, 2010) (citing *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.2d 198, 210 (3d Cir. 2000)). Defendants challenge the first required element: whether Plaintiff has a valid and legally protectable trademark in its website domains. Defendants argue

11


that these claims should be dismissed because "Plaintiff's website domain names do not function as trademarks," and "TablePadShop.com" and "PianoCoverShop.com" are generic and undeserving of trademark protection. (Mot. at 27.)

To function as a trademark, "a term must be . . . an indicator of source, sponsorship, approval[,] or affiliation." *Dranoff-Perlstein Assocs. v. Sklar*, 967 F.2d 852, 855–56 (3d Cir. 1992) (internal citation and quotation omitted). This is otherwise known as a term's "distinctiveness." Marks are often classified in categories of generally increasing distinctiveness: "following the classic formulation . . . they may be (1) generic; (2) descriptive; (3) suggestive; (4) arbitrary; or (5) fanciful." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992). The latter three categories of marks, "because their intrinsic nature serves to identify a particular source of a product, are deemed inherently distinctive and are entitled to protection." *Id.* Conversely, generic marks, "those that refe[r] to the genus of which the particular product is a species" are not registrable as trademarks. *Id.* at 768. In the middle are "descriptive marks," which are marks that "are merely descriptive of a product[.]" *Id.* Typically, descriptive marks are not inherently distinctive" and therefore cannot be protected. *Id.* However, descriptive marks may receive protection if a party can prove that they have "acquired secondary meaning." *Id.*

Defendants argue that Plaintiff's domain names are "generic," and therefore they are not entitled to trademark protection. (Mot. at 27.) However, courts in this Circuit have held that whether a term is properly categorized as generic or descriptive and whether that term has acquired secondary meaning are questions of fact. *E.T. Browne Drug Co. v. Cococare Prods., Inc.*, 538 F.2d 185, 192 (3d Cir.2008); *see also Holy Spirit Assoc. for Unification of World Christianity v. World Peace*, No. 18-1508, 2019 WL 3297469 (M.D. Pa. July 22, 2019) ("whether the . . . symbol is a generic religious symbol or a descriptive term under the Lanham Act present factual issues which

cannot be resolved in the context of a motion to dismiss[.]"). Accordingly, because the issue of "genericness" is a fact question, the Court refrains from determining this issue on a motion to dismiss. Therefore, the only issue is whether Plaintiff has pleaded sufficient facts to establish that, if found descriptive, the domain names have acquired secondary meaning.

Plaintiff pleads that it has "expended substantial time, money, and resources marketing, advertising, and promoting its goods and services sold under" the domain names. (Compl. ¶83) and has "expended thousands of dollars in marketing, advertising, and promoting its goods/services" sold under the domain names. As a result, the domain names "have come to signify the high quality of goods and services designed by Internet Products, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Internet Products." (*Id.* ¶86.) Taking these facts as true, Plaintiff pleads that in the minds of the consuming public, its domain names identify the source of its goods. Accordingly, Plaintiff pleads sufficient facts to support a finding that the descriptive domain names have acquired secondary meaning. Because Plaintiff has sufficiently pleaded allegations to support its Lanham Act claims for false designation of origin and unfair competition, the Court **DENIES** the Motion to Dismiss these claims.

### D.  Unfair Competition Under N.J. Stat. Ann. § 56:4-1

Plaintiff additionally pleads a cause of action for unfair competition under New Jersey state law. Defendants assert that the unfair competition claim should be dismissed for two reasons: (1) Plaintiff does not plead sufficient facts to state a claim and (2) the claim is preempted by the Copyright Act. (Mot. at 29–32.)

#### 1.  Whether Plaintiff Pleads Sufficient Facts to State a Claim

Under New Jersey's statutory unfair competition law, "[n]o merchant, firm or corporation shall appropriate for his or their own use a name, brand, trade-mark, reputation or goodwill of any

13

maker in whose product such merchant, firm or corporation deals." N.J. Stat. Ann. § 56:4-1. "To state a claim for unfair competition under [this] statute, a plaintiff must allege that (1) the mark at issue is valid and legally protectable; (2) the mark is owned by the plaintiff; (3) the defendant used the mark in commerce on or in connection with any goods or services or container for goods; and (4) this 'use' was in a manner likely to create confusion concerning the origin of the goods or services." *Bambi Baby.com Corp. v. Madonna Ventures, Inc.*, Civ. No. 18-12669, 2019 WL 2337447, at *8 (D.N.J. June 3, 2019) (internal quotations omitted).

Defendants argue that, because Plaintiff's claim is only a few paragraphs long, "[i]t is difficult, if not impossible, for Defendants to respond to such vague, generalized assertions." (Mot. at 30.) In response, Plaintiff responds that it has sufficiently stated a claim for relief by pleading that Defendants copied its website domain and used a confusingly similar name to draw customers away. (Opp. at 25.)

The Court finds that the Complaint alleges facts sufficient to survive the motion to dismiss stage. In particular, Plaintiff alleges facts describing in detail how Defendant created websites that were confusingly similar to IPL's site. These allegations are enough to meet the elements of an unfair competition claim, as they detail how the websites at issue, TablePadShop.com and PianoCoverShop.com, are owned by IPL; how LLJ created TablePadProtectors.com and PianoCoversAndMore.com in order to create confusion; and how this is likely to actually create confusion. *See, e.g., Pa. Bus. Bank v. Biz Bank Corp.*, 330 F. Supp. 2d 511 (E.D. Pa. 2004) (finding that use of a similar domain name constituted unfair competition in violation of the Lanham Act); *Trade Media Holdings Ltd. v. Huang & Assocs.*, 123 F. Supp. 2d 233 (D.N.J. 2000) (finding unfair competition when the challenged site, www.asiansource.com, differed only slightly from the original site, www.asiansources.com). Accordingly, the Court rejects this argument.

14

### 2. Whether the Claim is Preempted by the Copyright Act

Second, Defendants argue that the claim should be dismissed because it is duplicative of Plaintiff's claim under the Copyright Act and is preempted. (Mot. at 30–32.) Section 301 of the Copyright Act states that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . are governed exclusively by this Title." 17 U.S.C. § 301. Therefore, "no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." *Id.* Defendants argue that the unfair competition claim brought under New Jersey state law is not qualitatively different from a copyright infringement claim, and therefore the Copyright Act preempts the state law claim.

To determine whether a claim is preempted, courts apply the "extra element" test, which "has developed in the federal courts to determine this question of equivalence." *Nicassio v. Viacom Int'l, Inc.*, 309 F. Supp. 3d 381, 396-97 (W.D. Pa. 2018). Under this test, "if a state cause of action requires an extra element, beyond mere copying, preparation of derivative works, performance, distribution or display, then the state cause of action is qualitatively different from, and not subsumed within, a copyright infringement claim and federal law will not preempt the state action." *Id.* (internal quotation omitted). In other words, "[i]f other elements are required [for the] cause of action, then the right does not lie within the general scope of copyright, and there is no preemption." *Jarvis v. A & M Records,* 827 F. Supp. 282, 297 (D.N.J. 1993) (internal citation and quotation omitted).

In *Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc.*, this Court held that N.J. Stat. Ann. § 56:4-1 was not preempted by the Copyright Act. 210 F. Supp. 2d 552 (D.N.J. 2002). The Court noted that a plaintiff pleading a claim for common law unfair competition under this statute is required to allege that the Defendants' use of a mark was "in a manner likely to create

15

confusion concerning the origin of the goods or services." *Id.* at 566. Because the statute requires a plaintiff to prove an "additional element" in the form of likelihood of confusion, the Court found that the state cause of action under N.J. Stat. Ann. § 56:4-1 was qualitatively different and thus not preempted. *Id.* The Court sees no reason to disagree with its prior ruling. *Id.* Accordingly, the Court rejects this argument.

In sum, the Court finds that the Plaintiff adequately pleads its claim for unfair competition under N.J. Stat. Ann. § 56:4-1. Thus, the Court **DENIES** the Motion to Dismiss this claim.

### E. Claims Against the Individual Defendants

Defendants argue that the Complaint fails to state a claim against the "Individual Defendants": Jeffrey Janus, Linda Janus, and Lauren Cornelius. Defendants assert that the Complaint makes no reference to the Individual Defendants in their individual capacities, and that LLJ is an entity separate from its shareholders, directors, and officers. (Mot. at 9.) Accordingly, any allegations asserted against LLJ cannot be attributed to the individual defendants without piercing the corporate veil. (*Id.* at 10.)

A court pierces the corporate veil when it "impose[s] liability on an individual or entity normally subject to the limited liability protection of the corporate form." *The Mall at IV Grp. Props., L.L.C. v. Roberts,* No. 02–4692, 2005 WL 3338369, at *3 (D.N.J. Dec. 8, 2005). Plaintiff has not pleaded any basis to pierce the corporate veil in its Complaint. Additionally, in Plaintiff's Opposition, Plaintiff asserts that it is not trying to pierce the corporate veil. (Opp. at 33.) Rather, Plaintiff argues that the Individual Defendants are liable on a basis of contributory and vicarious liability. (*Id.*)

"Contributory and vicarious infringement are theories of secondary liability for copyright infringement that emerged from common law principles and are well established in the law."

*Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 386 (3d Cir. 2016). Consequently, "[a]n officer or director of a corporation who knowingly participates in the infringement can be held personally liable, jointly and severally, with the corporate defendant." *Columbia Pictures Indus., Inc. v. Redd Horne, Inc.,* 749 F.2d 154, 160 (3d Cir. 1984). "Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party." *Id.* (internal quotation and citation omitted). Accordingly, to prove a claim of contributory or vicarious infringement, a plaintiff must first show direct infringement. As discussed above at length, the Court finds that at this stage, Plaintiff has pleaded sufficient facts to state a cause of action for copyright infringement based on LLJ's action. Therefore, the question is whether Plaintiff sufficiently pleads contributory and vicarious infringement.

To establish a claim of contributory infringement, a plaintiff must show that (1) a third party directly infringed the plaintiff's copyright; (2) the defendant knew that the third party was directly infringing; and (3) the defendant materially contributed to or induced the infringement." *Leonard*, 834 F.3d at 387. Because the Court found that Plaintiff has adequately pleaded third-party infringement, the Court turns to the remaining two factors. Here, Plaintiff makes the following allegations: "Defendant Linda Janus conspired with Defendants Jeffrey Janus and Lauren Cornelius to surreptitiously copy Internet Products' website TablePadShop.com in order to set up a competing business." (Compl. ¶20); the Individual Defendants "purchased the domain[,] . . . copied much of the content and code[,] . . . and used it on Defendants' website[.]" (*Id.* ¶¶21–23); "Defendants own, manage, and control Defendants' Infringing Website," (*Id.* ¶43) and "Defendants have the right and ability to control, supervise, monitor, and direct the [infringing website]." (*Id.* ¶51.) Based on these allegations, the Court finds that Plaintiff sufficiently pleads that the Individual Defendants had knowledge of the infringement. Moreover, viewing the facts in

17

the light most favorable to Plaintiff, the Court additionally finds that the Individual Defendants materially contributed to the infringement by purchasing the domain and copying the content. Accordingly, the Complaint states a claim for copyright infringement against the Individual Defendants on a basis of contributory infringement.

For liability on a basis of vicarious infringement, Plaintiff must prove that the defendant had (1) the right and ability to supervise or control the infringing activity and (2) a direct financial interest in such activities. *Leonard*, 834 F.3d at 388; *see also Fish Kiss LLC v. N. Star Creations, LLC*, No. 17-8193, 2018 WL 3831335, at *7 (D.N.J. Aug. 13, 2018) (citing *Gerswhin Pub. Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)). As noted above, Plaintiff pleads the following: "Defendants own, manage, and control Defendants' Infringing Website," (Compl. ¶43) and "Defendants have the right and ability to control, supervise, monitor, and direct the [infringing website]." (*Id.* ¶51.) These allegations satisfy the first element. Second, Plaintiff pleads that "Defendants also obtained profit from their infringing activities . . . and/or attempted to derive a profit and direct financial benefit." (*Id.* ¶49.) These allegations satisfy the second element. Accordingly, the Court finds that Plaintiff has sufficiently pleaded a claim against the Individual Defendants for vicarious infringement.

Finally, Plaintiff alleges that the Individual Defendants are also liable for the Lanham Act claims. The Third Circuit has held that "a corporate officer who actually and substantially participates *in the corporation's act of trademark infringement* is personally liable . . . even though he acted as an agent of the corporation rather than on his own behalf." *Electronic Laboratory Supply Co. v. Cullen*, 977 F.3d 798, 807 (3d Cir. 1992) (emphasis added) (citing *Donsco Inc. v. Casper Corp.*, 587 F.2d 602, 606 (3d Cir. 1978)). Plaintiff alleges that each of the Individual Defendants are corporate officers of LLJ. (Compl. ¶¶4–6.) Plaintiff further alleges that that

Defendants "set up TablePadProtectors.com with the intent to confuse consumers" (*id.* ¶87); "Defendants chose the confusingly similar domain name, layout, and content . . . to cause confusion, mistake, and deception" (*id.* ¶88); and Defendants "engaged in a deliberate and willful scheme to trade upon and to misappropriate the goodwill earned[.]" (*Id.* ¶91.) The Court finds that these allegations, taken as true, are sufficient to demonstrate that the Individual Defendants actually and substantially participated in the corporation's trademark infringement. Accordingly, the Court finds that Plaintiff has stated a claim against the Individual Defendants and **DENIES** the Motion to Dismiss on these grounds.

## IV. CONCLUSION

For the reasons contained herein, the Motion to Dismiss the Amended Complaint (Doc. 88) is **DENIED**. An accompanying Order shall issue.

Dated: 11/24/2020  /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge